**James BLADES, III, Petitioner–Appellant,**

v.

**David H. MILLER, Respondent–Appellee.**

No. 01–2682–PR.

United States Court of Appeals, Second Circuit.

Jan. 24, 2008.

Monica R. Jacobson, P.C., New York, NY, for Petitioner–Appellant.

Ashlyn Dannelly, Assistant Attorney General for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Respondent–Appellee.

Present: DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

James Blades, III ("Blades") appeals from a September 28, 2001 judgment entered by the United States District Court for the Southern District of New York (Marrero, J.) denying habeas corpus relief under 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Blades contends that jury selection for his trial did not comport with Due Process under the standard established by the Supreme Court in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Batson,* the Supreme Court established a threestep process to ferret out invidious racial bias in the use of peremptory strikes: (1) the party protesting the challenge must establish a prima facie case of purposeful discrimination, *id.* at 93–97, 106 S.Ct. 1712, (2) the burden shifts to the party defending the challenge, who must articulate a "neutral explanation" for the challenge, *id.* at 97, 106 S.Ct. 1712, (3) the trial court discharges its "duty to determine" whether "the [protesting party] has established purposeful discrimination," *id.* at 98, 106 S.Ct. 1712. Blades argues that the trial court failed in several respects to perform its role at stage (3).

We review the district court's denial of habeas de *novo. Hawkins v. Costello,* 460 F.3d 238, 242 (2d Cir.2006). We may grant habeas on Blades's claim-which was adjudicated on the merits by the state courts-only if the state courts' rejection of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

Blades argues that the trial judge should have found it impermissibly inconsistent for the prosecutor to strike jurors Mussington and Isgess (minority jurors) without also striking juror Chusid (a non-minority juror). The point is not well taken. As between Isgess and Chusid, Isgess's answers were far more categorical and revealed a bias against the testimony of a convicted felon (upon which the prosecution would need to rely). As between Mussington and Chusid, while their answers were substantially similar, the prosecutor did not rely solely on the content of Mussington's responses but also on his "rigid and rather automatic" delivery. The prosecutor's explanations adequately furnished and defended nonpretextual reasons for the challenges. In any event, Blades has not rebutted the presumption of correctness of the trial court's factual determination by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

In relation to the prosecutor's challenge of minority juror Caponam, Blades argues that the trial judge improperly accepted body language as a race-neutral explanation, while later, when the defense sought to justify a disputed challenge on the basis of a juror's body language, the judge said that body language was a categorically invalid justification. The record reveals material differences between the two strikes. The prosecutor provided details of the offending body language, including crossed arms when talking to the prosecutor but not defense counsel. By contrast,

Blades invoked body language in a formulaic, nonspecific way.

Our review of the record undermines Blades's contentions (1) that the prosecutor misstated the veniremen's testimony and (2) that the prosecutor admitted having targeted black males for exclusion.

We have considered the petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**